Shah Peerally (CA Bar No: 230818)
Erich Keefe (CA Bar No: 226746)
LAW OFFICES OF SHAH PEERALLY
4510 Peralta Blvd, Suite 23
Fremont, CA 94536
Telephone: (510) 742 5887
Fax: (510) 742 5877

Attorneys for Plaintiff


**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO, CALIFORNIA**


_____

| | |
|---|---|
| Ozgur Yilmaz | ) |
| | ) |
|     Plaintiffs, | ) |
| | )    Case No. C0704515SI |
| vs. | ) |
| | ) |
| Michael Mukasey, Attorney General of the | )  COMPLAINT FOR MANDAMUS |
| United States; Michael Chertoff, Secretary of the | )  TO COMPEL DEFENDANTS |
| Department of Homeland Security; Emilio | )  TO COMPLETE ADJUDICATION |
| Gonzalez, Director of United States Citizenship & | )  OF ADJUSTMENT OF STATUS |
| Immigration Services; Robert S. Mueller, III, | )  APPLICATION |
| Director of the Federal Bureau of Investigations; | ) |
| Christina Poulos, Director of the California Service | ) |
| Center; Robin Barrett, USCIS District Director, | )  A 096747480 |
| et al; | )  MSC-06-137-23588 |
|     Defendants | ) |

_____)


**PLAINTIFFS' ORIGINAL COMPLAINT**
**FOR WRIT IN THE NATURE OF**
**MANDAMUS**

      COME NOW Ozgur Yilmaz, Plaintiff in the above-styled and numbered cause, and for

cause of action would show unto the Court the following:

1.      This action is brought against the Defendants to compel action on an application for lawful

      permanent resident status properly filed by the Plaintiff. The application was filed and

      remains within the jurisdiction of the Defendants, who have improperly withheld action on

said application to Plaintiff's detriment.

**PARTIES**

2.  Plaintiff, Ozgur Yilmaz is a 28 year old native and citizen of Turkey. Plaintiff submitted form I-485 Application to Adjust Status to that of a Lawful Permanent Resident to the United States Citizenship and Immigration Services (USCIS) San Francisco office on February 13, 2006. (See Ex. 1, Notice of Action on I-485, Ex. 2 Adjustment of Status Notice dated Jun 15, 2006.) However, as of the filing of this complaint, Plaintiff has not received written notice of any decision on the adjustment of status petition.

3.  Defendant, Michael Mukasey is Attorney General of the United States, and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the Department of Justice. 8 U.S.C. §1103(a). More specifically, the Attorney General is responsible for the adjudication of applications for adjustment of status filed pursuant to §245 of the Immigration and Nationality Act (INA), 8 U.S.C. §1255. The United States Citizenship and Immigration Service is an agency within the Department of Justice to whom the Attorney General's authority has in part been delegated, and is subject to the Attorney General's supervision.

4.  Defendant Michael Chertoff, is Secretary of the Department of Homeland Security, and this action is brought against him in his official capacity. He is charged with supervisory authority over all operations within the Department of Homeland Security. The United States Citizenship and Immigration Service is an agency within the Department of Homeland Security to whom the Secretary of Homeland Security's authority has in part been delegated, and is subject to his supervision.

5.  Defendant, Emilio Gonzalez, is Director of USCIS, and this action is brought against him in his official capacity. He is charged with supervisory authority over all operations of USCIS.

Ozgur Yilmaz                    MANDAMUS        2

6.  Defendant, Christina Poulos, is Director of the USCIS California Service Center, and this action is brought against her in her official capacity. She is charged with supervisory authority over all operations of the California Service Center.

7.  Defendant,  Robin Barrett, USCIS District Director is the official of the United States Citizenship and Immigration Service generally charged with supervisory authority over all operations of the USCIS within her District with certain specific exceptions not relevant here. This action is brought against her in her official capacity. 8 CFR §103.1(g) (2)(ii)(B). As will be shown, Defendant District Director is the official with whom Plaintiffs' USCIS applications were properly filed.

8.  Defendant, Robert S. Mueller, III, Director of the Federal Bureau of Investigations is charged with Supervisory Authority over all operations of the FBI. Defendant, Robert Mueller, III, is responsible for the completion of the security clearance in Plaintiffs' case.

## JURISDICTION

9.  Jurisdiction in this case is proper under 28 U.S.C. §§1331 and 1361, 5 U.S.C. §701 *et seq.,* and 28 U.S.C. §2201 *et seq.* Relief is requested pursuant to said statutes.

## VENUE

10. Venue is proper in this court, pursuant to 28 U.S.C. §1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a Defendant resides and where a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred. More specifically, Plaintiffs' applications for Immediate relative status and for lawful permanent resident status were properly filed and, to Plaintiffs' knowledge, remain pending with the San Francisco USCIS District Director.

## EXHAUSTION OF REMEDIES

11. Plaintiff has exhausted his administrative remedies. Plaintiff has made written inquiries concerning the status of his application to no avail. (See Ex. 3, December 5, 2006 USCIS

inquiry response, Ex. 4, June 20, 2006 letter from Plaintiff to FBI, Ex. 5, November 21, 2006

letter from Plaintiff to FBI, Ex. 6, January 12, 2007 letter from FBI to Plaintiff, Ex. 7,

September 18, 2007 USCIS inquiry response.)  There are no administrative remedies

remaining for Plaintiff to exhaust, because there is no administrative body to which he

can appeal the Defendants' refusal to perform their ministerial duties.

### CAUSE OF ACTION

14.     All legal prerequisites having been satisfied, Plaintiff applied for adjustment of status to

lawful permanent resident with the Defendant District Director on February 13, 2006. At the

time of said filing, such applications were being adjudicated by the Defendant District

Director in a period of between three and nine months.

15.     Plaintiff's application for adjustment of status has now remained unadjudicated for one year

and ten months. See Nadler v. INS, 737 F.Supp. 658 (D.D.C. 1989)(a delay of two years

in the processing of an application for adjustment of status was considered unreasonable);

Paunescu v. INS, 76 F.Supp. 2d 896, 902 (N.D. ILL. 1999)(mandamus granted for two-

year delay in processing adjustment of status application). Yu v. Brown, 36 F. Supp. 2d

922, 935 (D.N.M. 1999) (two and one half year delay is on its face an unreasonable

amount of time to process a routine application and requires an explanation).

16.     Defendants have sufficient information to determine Plaintiff's eligibility pursuant to

applicable requirements. To date, said application has not been adjudicated.

17.     Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance

with the law. Defendants willfully, and unreasonably, have delayed in and have refused to

adjudicate Plaintiff's applications for almost two years, thereby depriving him of the right to

a decision on his status and the peace of mind to which Plaintiff is entitled.

18.     Plaintiff has been further damaged by being deprived of the status of lawful permanent

resident during the interminable pendency of his application. Plaintiff seeks to integrate

fully into American life, society and culture. Naturalization as an American citizen, with the

rights and privileges inherent therein, depends upon prior permanent resident status for at

least 3 years. INA § 319(a), 8 U.S.C. § 1430(a). Plaintiff is therefore being deprived of the

right to accumulate the requisite time as a permanent resident before he is eligible to apply

for naturalization, as a direct result of Defendants' failure to timely adjudicate his application

to adjust status.

19.     Plaintiff has been further damaged by the failure of Defendants to act in accord with their

duties under the law.

    (a)    Plaintiff has further been damaged in that his employment authorization is tied to his

        status as an applicant for permanent residency, and is limited to increments not to

        exceed one year. 8 CFR §274a.12(c)(9). Therefore, plaintiff has been forced to

        repeatedly apply (and pay) for extensions of employment authorization, to the

        continued inconvenience and harassment of plaintiff, which is required by law to

        continually insure his work eligibility. INA §274A(a)(2), 8 U.S.C. §1324a(a)(2). (See

        Ex. 8, copies of Plaintiff's Employment Authorization cards.)

20.     The Defendants, in violation of the Administrative Procedures Act, 5 U.S.C. §701 *et seq.*, are

unlawfully withholding or unreasonably delaying action on Plaintiff's application and have

failed to carry out the adjudicative functions delegated to them by law with regard to

Plaintiff's case.

21.     Plaintiff has made numerous status inquiries in an attempt to secure adjudication of his

applications, all to no avail. Accordingly, Plaintiff has been forced to retain the services of an

attorney to pursue the instant action.

**PRAYER**

22.     WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully

prays that the Defendants be cited to appear herein and that, upon due consideration, the

Court enter an order:

(a)     requiring Defendants to adjudicate both Plaintiff's applications for adjustment of

        status within 30 days;

(b)     awarding Plaintiff reasonable attorney's fees; and

(c)     granting such other relief at law and in equity as justice may require.


Dated: December   , 2007                          Respectfully submitted,


                                    _____
                                    Shah Peerally, Esq.
                                    Attorney for Plaintiffs



                                    _____
                                    Erich Keefe, Esq
                                    Attorney for Plaintiffs

## LIST OF EXHIBITS

1.     Notice of Action on I-485;

2.     Adjustment of Status Notice dated Jun 15, 2006;

3.     December 5, 2006 USCIS inquiry response;

4.     June 20, 2006 letter from Plaintiff to FBI;

5.     November 21, 2006 letter from Plaintiff to FBI;

6.     January 12, 2007 letter from FBI to Plaintiff;

7.     September 18, 2007 USCIS inquiry response;

8.     Copies of Plaintiff's Employment Authorization cards.